UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE FULTON FISH MARKET WELFARE FUND and TRUSTEES OF THE FULTON FISH MARKET PENSION FUND, <br><br> Plaintiffs, <br><br> -against- <br><br> F. ROZZO & SONS INC., <br><br> Defendant. | 20 cv _____ <br><br> **COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and other applicable law, to collect delinquent employer contributions to two employee benefit plans, and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and pursuant to 29 U.S.C. §§ 185 and 1132(e)(1) and (f).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs are employer and employee trustees of the Fulton Fish Market Welfare Fund (the "Welfare Fund") and the Fulton Fish Market Pension Fund (the "Pension Fund"). The Welfare Fund and the Pension Fund (collectively, the "Funds") are multiemployer labor-management trust funds organized and operated in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). Plaintiff Trustees are fiduciaries of the Funds within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). The Funds are administered at 253 West 35th Street, 12th Floor, New York, New York 10001.

5. Defendant F. Rozzo & Sons Inc. ("Rozzo" or the "Employer") is a corporation organized under the laws of the State of New York. At relevant times, Rozzo was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. Rozzo maintains its principal place of business at 159 Ninth Avenue, New York, New York 10011.

## PERTINENT NON-PARTIES

6. The United Seafood Workers Smoked Fish & Cannery Union, Local 359, United Food and Commercial Workers International Union, AFL-CIO (the "Union") is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

7. The Hunts Point Seafood Employers Association, Inc. (the "Association") is a not-for-profit corporation organized under New York law. At relevant times, although Rozzo was not a member of the Association, Rozzo's collective bargaining agreements with the Union incorporated by reference pertinent provisions of the Association's collective bargaining agreements with the Union.

**PERTINENT COLLECTIVE BARGAINING AGREEMENTS**

8. At relevant times, Rozzo was a party to, or manifested an intention to be bound by, a series of collective bargaining agreements with the Union (the "Rozzo CBAs"), including an agreement between Rozzo and the Union covering January 15, 2012 through January 15, 2015 (the "2012-15 Rozzo CBA") and an agreement between Rozzo and the Union covering January 1, 2015 through January 15, 2018 (the "2015-18 Rozzo CBA").

9. At relevant times, the Rozzo CBAs prescribed the wages, hours, and terms and conditions of employment of "Bargaining Unit Employees." Article I, Section 1 of the Rozzo CBAs defined the term "Bargaining Unit Employees" to mean "the employees employed by the Employer." This definition made no distinction between employees who were Union members and employees who were not Union members.

10. At relevant times, Article XIII, Section A of the Rozzo CBAs provided in pertinent part: "All Bargaining Unit Employee[s] shall receive pension coverage by the [Pension Fund] during the term of this Agreement. The Employer agrees to make contributions to the [Pension Fund] on behalf of the Bargaining Unit Employees in accordance with the terms of the Union's then current agreement with the [Association]."

11. At relevant times, Article XIII, Section B of the Rozzo CBAs provided in pertinent part: "All Bargaining Unit Employees shall receive welfare coverage by the [Welfare Fund] during the term of this Agreement. The Employer agrees to make contribution[s] to the [Welfare Fund] on behalf of the Bargaining Unit Employees in accordance with the terms of the Union's then current agreement with the [Association]."

12. At relevant times, the Union and the Association were parties to a series of collective bargaining agreements (the "Association CBAs"), including a collective bargaining agreement covering December 2, 2012 through December 1, 2015, a collective bargaining agreement covering December 2, 2015 through December 1, 2017, and a memorandum of agreement covering December 2, 2017 through December 1, 2018, as modified by a midterm memorandum of agreement dated April 30, 2018.

13. At relevant times, Article XVI of the Association CBAs required employers to contribute specified amounts per bargaining unit employee per week to each of the Funds, and further provided, in pertinent part: "The Funds are separate plans that are administered by Boards of Trustees on which the Employers and the Union have equal representation, pursuant to separate Trust Agreements previously entered into for the administration of the Funds.  The Employers and the Union are bound by the Trust Agreements and the actions of the Boards of Trustees taken in accordance with the Trust Agreements."

14. At relevant times, the Funds were intended third-party beneficiaries of the Rozzo CBAs and the Association CBAs.

**FIRST CLAIM FOR RELIEF**

15. Plaintiffs repeat the allegations set forth in paragraphs 1 through 14 above and incorporate them herein by reference.

16. In 2017, the Funds' auditor commenced a review of Rozzo's books and records to ascertain whether Rozzo complied with its obligations to contribute to the Funds as prescribed by the applicable collective bargaining agreements for the period February 1, 2014 through December 31, 2016 (the "Audit Period"), the results of which are set forth in a final audit report dated April 30, 2018 (the "Audit").

17. The Audit found that, for work performed by Bargaining Unit Employees during the Audit Period, Rozzo made some but not all of the required contributions to the Welfare Fund. The Audit found that, among other things, Rozzo failed to comply with its obligation to contribute to the Welfare Fund on behalf of Bargaining Unit Employees who were not members of the Union.

18. The Audit found that, for work during the Audit Period, Rozzo failed to make required contributions to the Welfare Fund in the aggregate principal amount of $530,843.14, consisting of contributions for 2014 in the amount of $130,941.16, contributions for 2015 in the amount of $187,544.12, and contributions for 2016 in the amount of $212,357.86.

19. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

20.     By its failure to make contributions to the Welfare Fund in the principal amount of $530,843.14 in connection with work performed during the Audit Period, Rozzo contravened the Rozzo CBAs and section 515 of ERISA.

21.     Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Rozzo CBAs, the portions of the Association CBAs incorporated therein by reference, and/or the documents and instruments governing the Welfare Fund incorporated therein by reference (including, without limitation, the Agreement and Declaration of Trust, as amended, and the Policy for Collection of Delinquent Contributions, as amended), Rozzo is liable to the Welfare Fund in an amount exceeding $864,103.06, consisting of delinquent contributions to the Welfare Fund for the Audit Period in the principal amount of $530,843.14; interest thereon from the due dates through August 31, 2020 in the amount of $164,733.96; additional interest that will have accrued from September 1, 2020 through the date of judgment; liquidated damages in an amount exceeding $164,733.96 (the greater of the amount of interest or 20% of the principal amount due); audit costs in the amount of $3,792; and all reasonable attorneys' fees, expenses, and costs heretofore or hereafter incurred by the Welfare Fund in prosecuting this suit.

## **SECOND CLAIM FOR RELIEF**

22.     Plaintiffs repeat the allegations set forth in paragraphs 1 through 21 above and incorporate them herein by reference.

23.     The Audit further found that, for work performed by Bargaining Unit Employees during the Audit Period, Rozzo made some but not all of the required contributions to the Pension Fund. The Audit found that, among other things, Rozzo failed to comply with its obligation to contribute to the Pension Fund on behalf of

Bargaining Unit Employees who were not members of the Union. The Audit found that, for work during the Audit Period, Rozzo failed to make required contributions to the Pension Fund in the aggregate principal amount of $86,782.50, consisting of contributions for 2014 in the amount of $25,000, contributions for 2015 in the amount of $31,482.50, and contributions for 2016 in the amount of $30,300.

24. By its failure to make contributions to the Pension Fund in the principal amount of $86,782.50 in connection with work performed during the Audit Period, Rozzo contravened the Rozzo CBAs and section 515 of ERISA.

25. Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Rozzo CBAs, the portions of the Association CBAs incorporated therein by reference, and/or the documents and instruments governing the Pension Fund incorporated therein by reference (including, without limitation, the Agreement and Declaration of Trust, as amended, and the Policy for Collection of Delinquent Contributions, as amended), Rozzo is liable to the Pension Fund in an amount exceeding $153,496.62, consisting of delinquent contributions to the Pension Fund for the Audit Period in the principal amount of $86,782.50; interest thereon from the due dates through August 31, 2020 in the amount of $31,461.06; additional interest that will have accrued from September 1, 2020 through the date of judgment; liquidated damages in an amount exceeding $31,461.06 (the greater of the amount of interest or 20% of the principal amount due); audit costs in the amount of $3,792; and all reasonable attorneys' fees, expenses, and costs heretofore or hereafter incurred by the Pension Fund in prosecuting this suit.

### THIRD CLAIM FOR RELIEF

26. Plaintiffs repeat the allegations set forth in paragraphs 1 through 25 above and incorporate them herein by reference.

27. On information and belief, for work performed by Bargaining Unit Employees subsequent to the Audit Period, Rozzo made some but not all of the required contributions to the Welfare Fund. For example, on information and belief, Rozzo failed to comply with its obligation to contribute to the Welfare Fund for work performed subsequent to the Audit Period by Bargaining Unit Employees who were not members of the Union.

28. By its failure to make contributions to the Welfare Fund in connection with work performed subsequent to the Audit Period, Rozzo contravened the Rozzo CBAs and section 515 of ERISA.

29. Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Rozzo CBAs, the portions of the Association CBAs incorporated therein by reference, and/or the documents and instruments governing the Welfare Fund incorporated therein by reference (including, without limitation, the Agreement and Declaration of Trust, as amended, and the Policy for Collection of Delinquent Contributions, as amended), Rozzo is liable to the Welfare Fund for contributions in an amount to be determined at trial, and for interest thereon, liquidated damages, and all reasonable attorneys' fees, expenses, and costs heretofore or hereafter incurred by the Welfare Fund in prosecuting this suit.

### FOURTH CLAIM FOR RELIEF

30. Plaintiffs repeat the allegations set forth in paragraphs 1 through 29 above and incorporate them herein by reference.

31. On information and belief, for work performed by Bargaining Unit Employees subsequent to the Audit Period, Rozzo made some but not all of the required contributions to the Pension Fund.  For example, on information and belief, Rozzo failed to comply with its obligation to contribute to the Pension Fund for work performed subsequent to the Audit Period by Bargaining Unit Employees who were not members of the Union.

32. By its failure to make contributions to the Pension Fund in connection with work performed subsequent to the Audit Period, Rozzo contravened the Rozzo CBAs and section 515 of ERISA.

33. Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Rozzo CBAs, the portions of the Association CBAs incorporated therein by reference, and/or the documents and instruments governing the Pension Fund incorporated therein by reference (including, without limitation, the Agreement and Declaration of Trust, as amended, and the Policy for Collection of Delinquent Contributions, as amended), Rozzo is liable to the Pension Fund for contributions in an amount to be determined at trial, and for interest thereon, liquidated damages, and all reasonable attorneys' fees, expenses, and costs heretofore or hereafter incurred by the Pension Fund in prosecuting this suit.

### FIFTH CLAIM FOR RELIEF

34. Plaintiffs repeat the allegations set forth in paragraphs 1 through 33 above and incorporate them herein by reference.

35. At relevant times, pursuant to the Rozzo CBAs, Rozzo was obligated to contribute to the Welfare Fund in accordance with the Association CBAs.

36. At relevant times, pursuant to the Association CBAs, Rozzo was bound by the terms of the Welfare Fund's Trust Agreement.

37. At relevant times, Article VII, Section 1 of the Welfare Fund's Trust Agreement provided in pertinent part: "[A]n Employer shall . . . be obligated to make Contributions to the Fund upon expiration of a Collective Bargaining Agreement if an Employer is under a duty to make such Contributions pursuant to an obligation arising under the National Labor Relations Act [the "NLRA"]. The Trustees may enforce such obligation in a United States District Court."

38. At all times subsequent to the expiration of the most recent collective bargaining agreement by which it was bound, Rozzo was, and continues to be, obligated under section 8(a) of the NLRA, 29 U.S.C. § 158(a), to refrain from unilaterally altering the terms and conditions of employment of Bargaining Unit Employees.

39. In contravention of its obligations under Article VII, Section 1 of the Welfare Fund's Trust Agreement, and section 8(a) of the NLRA, 29 U.S.C. § 158(a), Rozzo has unilaterally changed the terms and conditions of employment of Bargaining Unit Employees by unilaterally reducing its contributions to the Welfare Fund to zero. For work performed from February 8, 2020 through the present, Rozzo has made no contributions to the Welfare Fund on behalf of any of its employees.

40. Under the Welfare Fund's Trust Agreement (including, without limitation, Article VII, Section 1 thereof), and under sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Rozzo is liable to the Welfare Fund for contributions for work performed from February 8 through August 7, 2020 in the principal amount of at least $37,991.36; additional contributions for work performed on or after August 8, 2020,

that will become due while this action is pending; interest that will have accrued from the due dates through the date of judgment; liquidated damages in the amount of at least $7,598.27 (the greater of the amount of interest or 20% of the principal amount due); and all reasonable attorneys' fees, expenses, and costs heretofore or hereafter incurred by the Welfare Fund in prosecuting this suit.

## SIXTH CLAIM FOR RELIEF

41. Plaintiffs repeat the allegations set forth in paragraphs 1 through 40 above and incorporate them herein by reference.

42. At relevant times, pursuant to the Rozzo CBAs, Rozzo was obligated to contribute to the Pension Fund in accordance with the Association CBAs.

43. At relevant times, pursuant to the Association CBAs, Rozzo was bound by the terms of the Pension Fund's Trust Agreement.

44. At relevant times, Article VII, Section 1 of the Pension Fund's Trust Agreement provided in pertinent part: "[A]n Employer shall . . . be obligated to make Contributions to the Fund upon expiration of a Collective Bargaining Agreement if an Employer is under a duty to make such Contributions pursuant to an obligation arising under the [NLRA]. The Trustees may enforce such obligation in a United States District Court."

45. At all times subsequent to the expiration of the most recent collective bargaining agreement by which it was bound, Rozzo was, and continues to be, obligated under section 8(a) of the NLRA, 29 U.S.C. § 158(a), to refrain from unilaterally altering the terms and conditions of employment of Bargaining Unit Employees.

46. In contravention of its obligations under Article VII, Section 1 of the Pension Fund's Trust Agreement, and section 8(a) of the NLRA, 29 U.S.C. § 158(a), Rozzo has unilaterally changed the terms and conditions of employment of Bargaining Unit Employees by unilaterally reducing its contributions to the Pension Fund to zero. For work performed from February 8, 2020 through the present, Rozzo has made no contributions to the Pension Fund on behalf of any of its employees.

47. Under the Pension Fund's Trust Agreement (including, without limitation, Article VII, Section 1 thereof), and under sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, Rozzo is liable to the Pension Fund for contributions for work performed from February 8 through August 7, 2020 in the principal amount of at least $7,040; additional contributions for work performed on or after August 8, 2020, that will become due while this action is pending; interest that will have accrued from the due dates through the date of judgment; liquidated damages in the amount of at least $1,408 (the greater of the amount of interest or 20% of the principal amount due); and all reasonable attorneys' fees, expenses, and costs heretofore or hereafter incurred by the Pension Fund in prosecuting this suit.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs Trustees of the Fulton Fish Market Welfare Fund against Defendant F. Rozzo & Sons, Inc. in the amount of $909,692.69 plus additional unknown amounts to be determined at trial;

(2) Award judgment to Plaintiffs Trustees of the Fulton Fish Market Pension Fund against Defendant F. Rozzo & Sons, Inc. in the amount of $161,944.62 plus additional unknown amounts to be determined at trial;

(3) Award Plaintiffs all reasonable attorneys' fees, expenses, and costs that they have incurred or will hereafter incur in prosecuting this action; and

(4) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York  
       September 9, 2020

Respectfully submitted,

VIRGINIA & AMBINDER, LLP

By: *[signature]* Marc Tenenbaum  
Marc A. Tenenbaum  
40 Broad Street, 7th Floor  
New York, New York 10004  
Tel: (212) 943-9080  
Fax: (212) 943-9082  
Email: mtenenbaum@vandallp.com

*Attorneys for Plaintiffs*